James W. Thomas v. Commissioner.
James W. Thomas v. Commissioner
Docket No. 36921.
United States Tax Court
1953 Tax Ct. Memo LEXIS 397; 12 T.C.M. (CCH) 41; T.C.M. (RIA) 53022; January 27, 1953
*397 James W. Thomas, pro se. John J. O'Toole, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioner for the year 1949 in the amount of $80.51. In his income tax return for the year 1949, filed with the collector of internal revenue for the third district of New York, the petitioner claimed deductions for a loss from theft in the amount of $250; for New York City sales tax in the amount of $125; and for medical expenditures in the amount of $350. In determining the deficiency, the respondent disallowed the deduction for theft in its entirety. He also disallowed $85 of the $125 claimed for New York City sales tax, and $150 of the $350 claimed for medical expenses. Petitioner testified he withdrew $250 from his bank with the intention of using it for his son's education and placed it in a dresser drawer in one of the rooms in his apartment; that he had a party in his apartment which was attended by ten people, most of whom were relatives; and that at some undisclosed time after the party the $250 was missing. He did not recall the date on which the alleged theft occurred. He did not report *398 any theft to the police. He did not produce any evidence showing the withdrawal of the $250 from his bank. Although he stated that his wife knew that the money was in the dresser drawer and was the only person he told about the loss of the money, he did not ask her to testify. We are not satisfied on this record that petitioner sustained any loss by reason of theft. Petitioner testified that he paid New York City sales taxes in the amount $125of and that the rate of sales tax in New York City was 2 per cent. The only income received by him during the year 1949 and reported in his return for that year was salary from the General Electric Company in the amount of $3,999.70. He was unable to explain satisfactorily how he expended $125 for sales taxes when his attention was called to the fact that if he had expended his entire income on items subject to tax, the tax would not have been in excess of $80 for the entire year. In his petition filed with this Court he reduced the amount claimed as a deduction for sales tax from $125 to $80. He did not submit any convincing evidence to substantiate his claim. The Commissioner allowed him a deduction of $40 for sales tax, which is based upon *399 an expenditure of one-half of his income on items subject to tax. Although the petitioner testified that he expended $350 during the year 1949 for doctors' and dentists' bills and for medicines and that he had bills showing these payments, he produced no receipts, checks or other evidence to substantiate these expenditures at the trial. His testimony in this regard was not convincing. In determining the deficiency, the Commissioner determined that a reasonable allowance for medical expenses would not be in excess of $200, and allowed no deduction therefor inasmuch as this amount did not exceed 5 per cent of petitioner's adjusted gross income. The burden of proving that he was entitled to deductions in excess of those allowed by the Commissioner was on the petitioner. He has not sustained this burden. Decision will be entered for the respondent.